UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LEON C. PRIEST, et al.** | : | Civil Action No. 14-2697 (CCC) |
| **Plaintiffs,** | : | |
| v. | : | REPORT & RECOMMENDATION |
| **ASBESTOS CORPORATION LIMITED., et al.,** | : | |
| **Defendants.** | : | |

JAMES B. CLARK, III, U.S.M.J.:

**THIS MATTER** having come before the Court upon Defendant Asbestos Corporation Limited's ("Defendant") motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction [Docket Entry No. 32]; and

**WHEREAS** Defendant argues that this Court cannot assert *in personam* jurisdiction over Defendant, as Defendant does not have the requisite "minimum contacts" with New Jersey as outlined in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945); and

**WHEREAS** the Court finds that on a motion under Rule 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction (*D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction")); and

**WHEREAS** Plaintiffs have not filed any opposition to Defendant's motion; and

**WHEREAS** the Court finds that a plaintiff may not "rely on the pleadings alone" in opposition to a 12(b)(2) motion, as "allegations in a complaint are insufficient" to establish personal jurisdiction (*Brahney v. Pinnacle Credit Servs.*, 2014 U.S. Dist. LEXIS 120791 at *6 (D.N.J. Aug. 29, 2014); *see also Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction…Once the motion is made, plaintiff must respond with actual proofs, not mere allegations") (internal citation omitted)); and

**WHEREAS** the Court further finds that Plaintiffs' failure to oppose Defendant's motion has resulted in a failure to provide "actual proofs" (*Northstar Marine, Inc. v. R&A Marine, LLC*, 2013 U.S. Dist. LEXIS 104153 at *5 (D.N.J. July 23, 2013) ("Plaintiff has failed to oppose Defendants' [12(b)(2)] motion and, thus, has not carried its burden of establishing jurisdiction"));

**IT IS** on this **11th** day of **December, 2014**

**RECOMMENDED** that Defendant's motion to dismiss be GRANTED as unopposed; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 32] accordingly.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**